UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT BONNEVILLE a/k/a WILL ELLWANGER,<br><br>Plaintiff,<br><br>v.<br><br>KITSAP COUNTY, a municipal corporation, KITSAP COUNTY HEALTH DISTRICT, STEPHEN MOUNT, TIMOTHY QUAYLE, THOMAS WIGGINS, and MICHAEL BARTH,<br><br>Defendants. | Case No.  C06-5228RJB<br><br>ORDER ON MOTION TO DISQUALIFY COUNSEL AND MOTION TO CERTIFY QUESTION |

This matter comes before the Court on Plaintiff's Motion to Disqualify Counsel (Dkt. 5-1) and Motion to Certify Question to the Supreme Court of the State of Washington (Dkt. 7-1).  The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

### I.  PROCEDURAL AND FACTUAL BACKGROUND

This dispute concerns improvements on two properties located in Kitsap County.  Dkt. 1-3.  On April 3, 2006, Plaintiff filed a complaint against Defendants in Kitsap County Superior Court.  Dkt. 1-2.  The complaint was amended on April 25, 2006, alleging the following claims:  1) Defendants violated Plaintiff's Due Process and Equal Protection rights under both the federal and state constitutions contrary to 42 U.S.C. § 1983, and 2) Defendants conspired to violate Plaintiff's

ORDER
Page - 1

constitutional rights contrary to 42 U.S.C. § 1985(3). Dkt. 1-3, at 30-33. On April 25, 2006, this case was removed to this Court. Dkt. 1-1.

Kitsap County has agreed to defend and indemnify Stephen Mount and Michael Barth. Dkt. 10-2, at 14 and 17. Kitsap County, Stephen Mount, and Michael Barth are represented by Kitsap County Deputy Prosecutors Martin F. Muench and Philip A. Bacus. Dkt. 1-3, at 35 and 51. The Kitsap County Health District (which is not a division of Kitsap County) has agreed to defend and indemnify Thomas Wiggins and Timothy Quayle. Dkt. 14, at 2. The Kitsap County Health District, Thomas Wiggins, and Timothy Quayle are represented by Scott M. Ellerby of the law firm of Mills, Meyers, and Swartling. *Id.* at 38.

Plaintiff now files two motions. The first is a motion to disqualify the Kitsap County Prosecutor's Office from representing both the County and Stephen Mount and Michael Barth, and to disqualify Scott M. Ellerby and the law firm of Mills, Meyers, and Swartling from representing both Kitsap County Health District and Thomas Wiggins and Timothy Quayle. Dkt. 5-1. Plaintiff also argues that the Prosecutor's Office, Scott M. Ellerby and the firm of Mills, Meyers, and Swartling should not be permitted to represent both the public entity defendants and the individual defendants due to what Plaintiff characterizes as a conflict of interest. *Id*. at 5-12. Plaintiff argues that due to Deputy Prosecutor Philip A. Bacus's responses to his Freedom of Information Act requests, Deputy Prosecutor Bacus and Prosecutor Hauge will be called as material witnesses. *Id*. at 4. Plaintiff argues that as material witnesses, Deputy Prosecutor Bacus, Prosecutor Hauge and the entire staff of the Prosecutor's Office must additionally be disqualified pursuant to Rule of Professional Conduct ("RPC") 3.7. *Id.*

Plaintiff's second motion is a motion to certify the following question to the Washington Supreme Court:

> In the circumstances of a case arising under 42 U.S.C. § 1983 where it is alleged that individual employee defendants of a public entity defendant acted both under an official policy of that public entity defendant and outside the scope of that employment, does joint representation by a single lawyer, law firm or County Prosecutor's Office constitute an impermissible conflict of interest under RPC 1.7 and 1.10?

Dkt. 7-1. Plaintiff argues there is no Washington case law on the issue. *Id.* at 1.

ORDER
Page - 2

## II. DISCUSSION

### A. MOTION TO DISQUALIFY COUNSEL

Plaintiff moves to disqualify opposing counsel on the following bases: 1) that there is a conflict of interest in the representation of a public entity and individual defendants in violation of RPC 1.7 and 1.10, and 2) the Kitsap County Prosecutors will be called as witnesses, precluding their representation of the County and Stephen Mount and Michael Barth in light of RPC 3.7.

#### 1. Conflict of Interest

RPC 1.7 prohibits a lawyer from representing a client if that representation will be directly adverse to another client unless the lawyer believes the representation will not adversely affect the relationship with the other client and each client consents to the representation after full disclosure. RPC 1.10 prohibits any member of a law firm from representing a client where a particular attorney in that firm would be prohibited from representing that client.

Plaintiff argues that the Kitsap County Prosecutor's Office, (specifically Philip A. Bacus and Martin F. Muench), Scott M. Ellerby, and the law office of Mills, Meyers, and Swartling should be disqualified from representing both a public entity and the individual Defendants based solely on unsupported allegations in the amended complaint that the individual Defendants acted outside the scope of their employment. Dkt. 5-1. Plaintiff expresses concern that the public entities may claim that the individuals' actions were unauthorized and that the employees might argue that they were acting according to the public entity's policy, thereby creating a conflict of interest. *Id*. Plaintiff's concerns are misplaced. In their Answer to the Complaint, Kitsap County, Stephen Mount, and Michael Barth plead that all actions in this case were taken in an official capacity. Dkt. 8, at 2. Likewise, the Kitsap County Health District, Thomas Wiggins, and Timothy Quayle plead that the individual Defendants acted in their official capacity. Dkt. 17, at 2. The record indicates that the lawyers disclosed the possibility of a conflict with each individual Defendant and each still agreed to allow representation. Dkts. 10-2, at 2-10; 15; and 16. The fact that the Kitsap County Prosecutor's Office did not memorialize this disclosure until a few days after the notice of appearance was filed does not mitigate the individual Defendant's right to choose counsel. The public entities have agreed to defend and indemnify each individual Defendant. Dkts. 10-2, at 14; 14 at 2. Because, at least at

this stage in the litigation, the public entities' are willing to pay for the defense of their employees and for a judgment, if any, resulting from the actions of their employees, any potential conflict of interest is eliminated. *Manganella v. Keyes,* 613 F.Supp. 795, 799 (D. Conn. 1985)(finding where a county agrees to defend and indemnify individually named defendants, potential conflicts of interests are eliminated). Moreover, courts have rejected disqualification of an attorney representing both a public entity and individual defendants due to potential conflicts of interest based solely on allegations contained in a § 1983 complaint. *In the Matter of the Petition for Review of Opinion 552 of the Advisory Committee on Professional Ethics*, 102 N.J. 194. 206-207 (N.J. App. 1986). Plaintiff's motion to disqualify counsel should not be granted on the basis of RPC 1.7 or 1.10.

      2.    <u>Attorneys as Witnesses</u>

RPC 3.7 provides,

> A lawyer shall not act as advocate at a trial in which the lawyer or another lawyer in the same law firm is likely to be a necessary witness except where:
> **(a)** The testimony relates to an issue that is either uncontested or a formality;
> **(b)** The testimony relates to the nature and value of legal services rendered in the case; or
> **(c)** The lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate; or
> **(d)** The trial judge finds that disqualification of the lawyer would work a substantial hardship on the client and that the likelihood of the lawyer being a necessary witness was not reasonably foreseeable before trial.

The Plaintiff argues that the Kitsap County Prosecutor's Office should be disqualified from appearing in this matter because Deputy Prosecutor Philip A. Bacus and Prosecutor Russell Hauge may be called as material witnesses at trial. Dkt. 5-1. Plaintiff claims that these attorneys may be called as witnesses in response to his Freedom of Information requests as Deputy Prosecutor Bacus redacted some of the information claiming attorney client privilege. *Id.* at 3-4. Plaintiff argues that the Kitsap County Prosecutor's Office was not representing the Health District and therefore any communications with or in front of employees of the Health District waived attorney client privilege. *Id.* Plaintiff indicates he is planning to call Deputy Prosecutor Philip A. Bacus and Prosecutor Russell Hauge as witnesses in order to "disgorge from them the contents of these communications." *Id.* at 4.

Plaintiff's assertions are without merit and Plaintiff's motion to disqualify the Kitsap County Prosecutor's Office should be denied. The Kitsap County Prosecutor's Office had a contract to represent the Kitsap County Health District. Dkt. 11, at 2. The Kitsap County Prosecutor's Office

ORDER
Page - 4

asserts that the redacted materials were confidential communications between its clients and/or attorney work product. Dkts. 10-1, at 8-9 and 11 at 2. A court should not disqualify an attorney under RPC 3.7 absent compelling circumstances. *State v. Schmitt,* 124 Wn.App. 662, 666 (2004). "To demonstrate compelling circumstances, a party must show that the attorney will provide material evidence unobtainable elsewhere." *Id*. at 666-7. The Plaintiff has failed to show that Deputy Prosecutor Philip A. Bacus and Prosecutor Russell Hauge are "likely to be necessary witnesses" in accordance with RPC 3.7 or that they "will provide evidence unobtainable elsewhere." Plaintiff's motion to disqualify counsel should not be granted on the basis of RPC 3.7.

### B. MOTION TO CERTIFY QUESTION

RCW 2.60.020 governs certification of questions to the Washington State Supreme Court. It provides,

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

*Id.*

Plaintiff moves to certify a question to the Washington Supreme Court regarding the interpretation of the Washington State Rules of Professional Conduct 1.7 and 1.10. Dkt. 7-1. General Rule 2(e) for the Western District of Washington provides in relevant part that:

> In order to maintain the effective administration of justice and the integrity of the Court, attorneys appearing in this District shall be familiar with and comply with the following materials . . .
> (2) The Washington Rules of Professional Conduct as promulgated, amended and interpreted by the Washington State Supreme Court (the "RPC"), and the decisions of any court applicable thereto; . . .
> In applying and construing these materials, this Court may also consider the published decisions and formal and informal ethics opinions of the Washington State Bar Association, the Model Rules of Professional Conduct of the American Bar Association, and Ethics Opinions issued pursuant to those Model Rules, and the decisional law of the state and federal courts.

Plaintiff's Motion to Certify a Question to the State Supreme Court should be denied. Plaintiff argues that this Court should certify to the Washington Supreme Court the question of whether a Prosecutor's office or private law firm may represent both a public entity and individual defendants consistent with the Washington State Rules of Professional Conduct. Dkt. 7-1. However, it is not necessary to ascertain the local law of the state in order to dispose of Plaintiff's motion. General Rule

2(e) permits this Court to consult a wide range of authorities in order to determine whether an attorney's conduct is within the bounds of acceptable behavior. Moreover, no showing has been made that local law on the issue of joint representation has not been clearly determined. The requirements under RCW 2.60.020 have not been met, and Plaintiff's motion should be denied.

### C. CONCLUSION

Plaintiff's motions should be denied. The Kitsap County Health District, Timothy Quayle, and Thomas Wiggins note that Plaintiff's pleadings appear to be drafted by an attorney. Plaintiff denies this. All parties should be mindful that the Rules of Professional Conduct apply.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Disqualify Counsel (Dkt. 5-1) is **DENIED** and Plaintiff's Motion to Certify Question to the Supreme Court of the State of Washington (Dkt. 7-1) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of June, 2006.

Robert J. Bryan
United States District Judge