UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT BONNEVILLE a/k/a WILL ELLWANGER,<br><br>            Plaintiff,<br><br>    v.<br><br>KITSAP COUNTY, a municipal corporation, KITSAP COUNTY HEALTH DISTRICT, STEPHEN MOUNT, TIMOTHY QUAYLE, THOMAS WIGGINS, and MICHAEL BARTH,<br><br>            Defendants. | Case No.  C06-5228RJB<br><br>ORDER ON MOTIONS TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION TO STRIKE AND DEFENDANTS CROSS MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Kitsap County, Stephen Mount and Michael Barth's Motion to Strike Plaintiff's Second Amended Complaint and Plaintiff's Motion for Summary Judgment (Dkt. 30), Plaintiff's Motion to Strike (Dkt. 39), Defendants Kitsap County Health District, Timothy Quayle, and Thomas Wiggins' Cross Motion for Summary Judgment (Dkt. 44). The Court has considered the pleadings filed in support of and in opposition to these motions and the file herein.

### I.    PROCEDURAL AND FACTUAL BACKGROUND

This dispute concerns improvements on two properties located in Kitsap County. Dkt. 1-3.

1  On April 3, 2006, Plaintiff filed, pro se, a complaint against Defendants in Kitsap County Superior
2  Court. Dkt. 1-2. The complaint was amended on April 25, 2006, alleging the following claims: 1)
3  Defendants violated Plaintiff's Due Process and Equal Protection rights under both the federal and
4  state constitutions contrary to 42 U.S.C. § 1983, and 2) Defendants conspired to violate Plaintiff's
5  constitutional rights contrary to 42 U.S.C. § 1985(3). Dkt. 1-3, at 30-33. On April 25, 2006, the case
6  was removed to this Court. Dkt. 1-1.

7  Plaintiff moved again to amend his Complaint on June 22, 2006. Dkt. 20. In his motion to
8  amend, Plaintiff indicates he would like to amend his complaint to "allege that the searches and
9  seizures conducted by defendants were unlawful and in violation of the laws and constitution of the
10 State of Washington and the Fourth Amendment of the United States Constitution." *Id.*, at 3.
11 Plaintiff failed to attach a proposed amended complaint to his motion. Because it was not noted for
12 consideration properly under Local Rule of Civil Procedure 7(d), the Court noted the motion to
13 amend for consideration on July 7, 2006. Dkt. 23. Defendants filed responses indicating that they did
14 not oppose the motion. Dkts. 24 and 25. On July 21, 2006, Plaintiff's Motion to Amend was granted
15 based upon the representations in his motion and without consideration of pleadings filed after July 6,
16 2006. Dkt. 34.

17 On July 17, 2006, eleven days after Defendants responded, Plaintiff filed a Second Amended
18 Complaint and a Motion for Summary Judgment. Dkt. 26 and 27. The Second Amended Complaint
19 adds allegations related to his illegal search and seizure claims, but also alleges other matters, not
20 addressed in his Motion to Amend, including: 1) that four additional parties co-conspired to violate his
21 constitutional rights, 2) Philip Bacus aided and abetted the conspiracy by improperly denying
22 Plaintiff's Freedom of Information Act requests and encouraged Defendants to provide false and
23 misleading testimony at hearings, 3) the Kitsap County Health District violated his right to notice and
24 an opportunity to be heard, and 4) requests additional relief in the form of a declaration of "the rights
25 and liabilities of the parties." Dkt. 26. The Motion for Summary Judgment, filed with the Second
26 Amended Complaint was noted for consideration on August 11, 2006. Dkt. 27.

27 On July 18, 2006, Defendant Kitsap County, Stephen Mount and Michael Barth moved for an
28 order striking Plaintiff's Second Amended Complaint and Plaintiff's Motion for Summary Judgment

1  arguing: 1) Plaintiff's Second Amended Complaint (Dkt. 26) should be stricken because the Court has
2  not granted him leave to file it, and 2) Plaintiff's Motion for Summary Judgment (Dkt. 27) should be
3  stricken because the sole claim for which Plaintiff seeks summary judgment was the subject of
4  Plaintiff's Motion to Amend (search and seizure).  Dkt. 30.  Kitsap County Health District, Thomas
5  Wiggins, and Timothy Quayle join in the Motions to Strike.  Dkt. 32.  On July 20, 2006, Plaintiff filed
6  an Opposition to Defendants' Motions to Strike arguing:  1) Defendants' failure to oppose the motion
7  to amend was "a written consent of the adverse parties" pursuant to Fed. R. Civ. P. 15(a), 2)
8  Defendants have ten days to respond to the Second Amended Complaint under Rule 15(a), and 3)
9  Rule 56 provides that a summary judgment motion may be filed at "any time after the expiration of 20
10 from the commencement of the action."  Dkt. 33.  On August 3, 2006, Defendants Kitsap County,
11 Stephen Mount and Michael Barth filed a reply arguing:  1) Defendants did not consent to Plaintiff's
12 filing a Second Amended Complaint, 2) the Court should either strike the Second Amended Complaint
13 because Plaintiff did not have leave to file it, or grant them ten days from the date of this order to file
14 an amended answer, 3) Plaintiff's Second Amended Complaint should be stricken because it includes
15 allegations against several additional municipal employees (including Philip Bacus, counsel for Kitsap
16 County) which were not discussed in Plaintiff's Motion to Amend, and Kitsap County would have
17 opposed the amendment as prejudicial,  4) Plaintiff's Motion for Summary Judgment was for a claim
18 that was not then part of this suit, and 5) Defendants should have an opportunity to answer the Second
19 Amended Complaint before being forced to respond to a Summary Judgment Motion.  Dkt. 37.
20 Plaintiff files a sur-reply arguing: 1) Defendants are improperly arguing new grounds to strike the
21 Complaint and Plaintiff has not had time to respond, and 2) the Bacus declaration contains false
22 statements and should be stricken.  Dkt. 39-1.

23     On August 7, 2006, Defendants Kitsap County Health District, Timothy Quayle, and Thomas
24 Wiggins filed an Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for
25 Summary Judgment.  Dkt. 44.  They state that they "submit these papers pending a ruling on the
26 Motion to Strike, and request an opportunity to submit revised papers after the ruling on the Motion
27 to Strike is issued."  *Id*.  This Cross Motion for Summary Judgment only addresses Plaintiff's search
28 and seizure claims.  *Id.*

## II.    DISCUSSION

This opinion will first address the Motions to Strike Plaintiff's Second Amended Complaint and Plaintiff's Motion for Summary Judgment (Dkt. 30), then turn to Plaintiff's Motion to Strike (Dkt. 39), and finally address Defendants Kitsap County Health District, Timothy Quayle, and Thomas Wiggins' Cross Motion for Summary Judgment (Dkt. 44).

### A.    MOTIONS TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Fed. R. Civ. Pro. 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

The pleading filed as Plaintiff's Second Amended Complaint (Dkt. 26) should be stricken. At the time Plaintiff filed this pleading he did not have leave of the Court or written consent from the adverse parties, and Plaintiff included items in the Second Amended Complaint for which he had received neither leave of the Court nor written consent of the adverse parties. In the interests of justice, Plaintiff, if he so chooses, should be permitted to file an Amended Second Amended Complaint which conforms with the representations he made in his June 22, 2006 Motion to Amend, provided that it is filed within fourteen days from the date of this order.

Plaintiff's Summary Judgment Motion (Dkt. 27) should be stricken. Plaintiff does not dispute that he seeks summary judgment solely upon the search and seizure claim, which was the subject of his motion to amend. In light of the above discussion, Plaintiff seeks relief for claims which are not in any valid complaint.

### C.    PLAINTIFF'S MOTION TO STRIKE BACUS DECLARATION

Plaintiff's motion to strike the Bacus declaration should be denied. Dkt. 39. Plaintiff fails to provide a valid basis upon which to strike the Bacus declaration. All parties are again reminded that the Fed. R. Civ. Pro. 11 applies.

D.   **DEFENDANTS KITSAP COUNTY HEALTH DISTRICT, TIMOTHY QUAYLE, AND THOMAS WIGGINS' CROSS MOTION FOR SUMMARY JUDGMENT**

Defendants Kitsap County Health District, Timothy Quayle, and Thomas Wiggins' Cross Motion for Summary Judgment (Dkt. 44) should be stricken as moot. The subject of the motion is Plaintiff's search and seizure claim, one which, as discussed above, is not yet a part of his complaint.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants Kitsap County, Stephen Mount and Michael Barth's Motion to Strike Plaintiff's Second Amended Complaint and Plaintiff's Motion for Summary Judgment (Dkt. 30) is **GRANTED**.

- In accordance with this Court's Order Granting Plaintiff Leave to Amend his Complaint (Dkt. 34), Plaintiff may, if he chooses, file an Amended Second Amended Complaint which is consistent with the representations in his Motion for Leave to Amend, provided that such is made within fourteen days of the date of this order.

- Plaintiff's Motion to Strike (Dkt. 39) is **DENIED**.

- Defendants Kitsap County Health District, Timothy Quayle, and Thomas Wiggins' Cross Motion for Summary Judgment (Dkt. 44) is **STRICKEN AS MOOT**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of August, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER
Page - 5