1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| ROBERT BONNEVILLE a/k/a WILL ELLWANGER,<br><br>Plaintiff,<br><br>v.<br><br>KITSAP COUNTY, municipal corporation; KITSAP COUNTY HEALTH DISTRICT; STEPHEN MOUNT; TIMOTHY QUAYLE; THOMAS WIGGINS; AND MICHAEL BARTH,<br><br>Defendants. | CASE NO. C06-5228RJB<br><br>ORDER GRANTING MOTION TO COMPEL RULE 26(a)(1) DISCLOSURES AND MOTION TO COMPEL ENTRY ON LAND PURSUANT TO RULE 34(a)(2) |
|---|---|

This matter comes before the Court on Defendants' Motions to Compel Rule 26(a)(1) Disclosures (Dkt. 63-1; Dkt. 65) and Defendants' Motions to Compel Plaintiff to Allow Entry on Land Pursuant to Rule 34(a)(2) (Dkt. 72-1; Dkt. 70). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

## I.   FACTS

This Court's initial Minute Order, dated April 26, 2006, required that the parties make Federal Rule of Civil Procedure 26(a)(1) disclosures by July 18, 2006. Dkt. 3. The Joint Status Report, filed by the parties on July 25, 2006, required that the parties make Rule 26(a) disclosures by July 25, 2006. Dkt. 36, at 2.

ORDER
Page 1

Plaintiff submitted Rule 26(a)(1) disclosures on August 4, 2006. Dkt. 40. Plaintiff listed ten potential witnesses, including himself, but did not list any addresses or phone numbers, stating, "Plaintiff is unsure of the above witnesses' addresses or phone numbers but will supplement this disclosure." Dkt. 40. Plaintiff also failed to submit to a computation of damages or make available documents for inspection on which such a computation might be based. Dkt. 40.

On December 18, 2006, Defendants sent Plaintiff a further Request for Rule 26(a)(1) disclosures, requesting that Plaintiff provide the disclosures by December 27, 2006. Dkt. 64, at 2. On December 26, 2006, Plaintiff and Mr. Bacus, the Deputy Prosecuting Attorney for Kitsap County, spoke regarding the discovery request. Dkt. 64, at 2. However, Plaintiff contends that the December 26, 2006, conversation "was never denominated a Rule 37 conference, nor was its substance in any way related to the Rule 26 Disclosures." Dkt. 74, at 3.

On December 13, 2006, Defendant Kitsap County propounded to Plaintiff a Request for Entry Upon Land, requesting entry upon all three properties at issue in this action. Dkt. 73, at 2. On December 20, 2006, the Kitsap County Health District Defendants propounded Requests for Entry Upon Land to Plaintiff requesting entrance upon the Sunnyhill Road property and the Illahee Road property for the purpose of inspecting, measuring, photographing, and videotaping. Dkt. 73, at 1. On December 22, 2006, Defendant Kitsap County issued an Amended Request for Entry Upon Land designating January 10 and 11, 2007, as the inspection dates. Dkt. 73, at 2.

On January 7, 2007, Plaintiff e-mailed counsel for all Defendants, rejecting the Requests for Entry Upon Land. Dkt. 73, at 2. Plaintiff asserted that he had no obligation to allow Rule 34 inspections. Dkt. 73, at 13-15. Plaintiff and Defendants conducted a Rule 37 telephonic conference on January 8, 2007. Dkt. 73, at 2.

## II. DISCUSSION

### A. RULE 26(a)(1) DISCLOSURES

Rule 26(a)(1) requires that a party (1) identify and list the address and telephone number of persons with discoverable information; (2) identify records that may be used to support claims at trial; and (3) provide a computation of damages. Fed. R. Civ. P. 26(a)(1). Rule 26(a)(1)

1 specifically provides that a "party must make its initial disclosures based on the information then
2 reasonably available to it *and is not excused from making its disclosures because it has not fully*
3 *completed its investigation of the case* or because it challenges the sufficiency of another party's
4 disclosures." Fed. R. Civ. P. 26(a) (emphasis added). The record shows that Plaintiff has failed
5 to supplement the information required under Rule 26(a)(1).

6 Plaintiff argues that he has provided the Defendants with all the information he currently
7 knows, that Defendants did not properly conduct a Rule 37 conference, and that he should not be
8 required to provide evidence supporting his computation of damages because he wishes to
9 bifurcate the case. Dkt. 74.

10 The Motion to Compel Rule 26(a)(1) Disclosures should be granted. Plaintiff should
11 advise opposing counsel of all information required under Rule 26(a)(1) within ten days of the
12 issuance of this Order. And, in any event, Plaintiff must describe as clearly and accurately as
13 possible all information regarding the potential location and contact information of persons with
14 discoverable information, even information that he believes Defendants already possess. If
15 Plaintiff fails to follow this Order he is in danger of incurring sanctions, including dismissal of the
16 case pursuant to Rule 37.

17 **B.    ENTRIES ONTO LAND**

18 Plaintiff contends that the Motion to Compel Plaintiff to Allow Entry on Land should be
19 denied because the Joint Status Report failed to indicate "that property inspections were to be the
20 subject of discovery." Dkt. 75, at 2. Further, Plaintiff argues that "Defendants have already
21 unlawfully inspected and photographed" the properties at issue, and that the "dangerous building"
22 status of the Illahee property prohibits Plaintiff and Defendants alike from entering that property.
23 Dkt. 75, at 3-4. Last, Plaintiff alleges that a tenant resides at the Sunnyhill property and contends
24 that he has no right to require the tenant to allow the inspection. Dkt. 75, at 4. However,
25 Plaintiff has not provided evidence suggesting this tenant has objections to the entry of the
26 Defendants.

27
28

ORDER
Page 3

1     Rule 34 provides that a party may "serve on any other party a request . . . to permit entry
2 upon designated land." The party upon whom the request has been served has thirty days to
3 object; thereafter, the party submitting the request may move for an order. Fed. R. Civ. P. 34(b).
4 Defendants have done just that. Dkts. 71 and 73. Thus, even assuming the truth of all of
5 Plaintiff's objections, the Motion to Compel Plaintiff to Allow Entry On Land Pursuant to Rule
6 34(a)(2) should be granted.

7     To extent that Plaintiff is attempting to acquire a protective order on behalf of his tenant
8 (Dkt. 75), his request should be denied without prejudice given the current state of the record.
9 However, the Court expects Defendants to work with the tenant, if any, in an amiable manner to
10 gain only necessary access to the property.

11     Finally, given Plaintiff's refusal to comply with the rules of discovery, a thirty day
12 extension of discovery for the Defendants is appropriate. Defendants therefore should be granted
13 an additional thirty days from date of this Order to conduct discovery.

### III.  ORDER

15 Accordingly, this Court hereby **ORDERS**:

16   (1)   Defendants' Motions to Compel Rule 26(a)(1) Discovery (Dkts. 63-1 and 65 ) are
17         **GRANTED**;

18   (2)   Defendants' Motions to Compel Plaintiff to Allow Entry On Land Pursuant to
19         Rule 34(a)(2) (Dkts. 72-1 and 70) are **GRANTED**;

20   (3)   Defendants' Motions to Extend Discovery Deadlines (Dkts. 63-1 and 65 ) are
21         **GRANTED** such that Defendants have thirty days from the date of this Order to
22         conduct additional discovery;

23   (4)   Plaintiff's Motion for Protective Order, if any, (Dkt. 75) is **DENIED WITHOUT**
24         **PREJUDICE**; and

25   (5)   The Clerk of the Court is instructed to send uncertified copies of this Order to all
26         counsel of record via the CM/ECF system and to any party appearing *pro se* at
27         said party's last known address via the U.S. Mail.

1     DATED this 8th day of February, 2007.

                                            /s/ Robert J. Bryan
                                            Robert J. Bryan
                                            United States District Judge