UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT BONNEVILLE a/k/a WILL ELLWANGER,<br><br>            Plaintiff,<br><br>            v.<br><br>KITSAP COUNTY, a municipal corporation, KITSAP COUNTY HEALTH DISTRICT, STEPHEN MOUNT, TIMOTHY QUAYLE, THOMAS WIGGINS, and MICHAEL BARTH,<br>            Defendants. | Case No. C06-5228RJB<br><br>ORDER GRANTING ATTORNEY FEES |

This matter comes before the Court on the Court's Order (Dkt. 88) regarding Kitsap County Health District Defendants' Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production (Dkt. 81, at 6) and Kitsap County Health Defendants' Memorandum in Support of Award of Attorney Fees (Dkt. 90). The Court has reviewed all documents filed regarding this motion, has reviewed the entire file, and is fully advised.

## I.   BACKGROUND AND PROCEDURE

On January 30, 2007, Defendants Kitsap County Health District, Timothy Quayle, and Thomas Wiggins ("Health District Defendants") filed a Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production. Dkt. 81. As part of that motion, Health District Defendants requested that the costs of the motion be assessed against the Plaintiff, Robert Bonneville. Dkt. 81, at 6. Health District

Defendants did not submit an affidavit supporting an award of costs or attorney's fees.

On February 20, 2007, this Court granted Health District Defendants' motion compelling Plaintiff to respond to their interrogatories and requests for production. Dkt. 88. This Court asked Health District Defendants and Plaintiff to brief the Court as to whether an award of costs and fees would be proper under Federal Rule of Civil Procedure 37. *Id.* To support an award of fees and costs, Health District Defendants submitted Memorandum in Support of Award of Attorney Fees (Dkt. 90) and Declaration of Scott M. Ellerby in Support of Kitsap County Health District Defendants' Memorandum in Support for Award of Costs and Fees (Dkt. 91). Plaintiff has not submitted a response of any kind.

## II.  DISCUSSION

### A.  ATTORNEY FEES

#### 1.  Award of Attorney's Fees Standard

The Court may award claims for attorney's fees. Fed. R. Civ. P. 54(d)(2). In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount" by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County,* 799 F.2d 1262, 1265 (9th Cir. 1986) (*quoting Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). Once the number of reasonable hours is determined, the district court must set a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees.

In reviewing a claim for attorney's fees, the court should consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976). These considerations are consistent with Washington Rules of Professional Conduct 1.5.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez,* 60 F.3d 525, 534-5 (9th

Cir. 1995). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.*

        2.      <u>Health District Defendants' Request for Attorney's Fees</u>

Under Fed. R. Civ. P. 37(d), if a party fails to serve answers or objections to interrogatories, the "court shall require the party failing to act" to "pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." An award of reasonable expenses, including attorney's fees, is not available unless the expenses are caused by the failure to comply. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385-86 (9th Cir. 1988). Once fees are found to be caused by noncompliance, the burden of showing substantial justification or special circumstances for the failure to comply is on the party against whom an award is sought. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). Substantial justification has been defined to mean that the discovery request was the subject of a "genuine dispute" or that "reasonable people could differ" as to the appropriateness of the requested discovery. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted).

Health District Defendants argue that Plaintiff's failure to timely respond was not substantially justified because Plaintiff failed to offer any excuse for his failure to respond. Dkt. 90, at 2. Additionally, they argue that Plaintiff has shown a pattern of intentional resistance to legitimate discovery requests. *Id.* Health District Defendants point to three separate motions to compel discovery filed by Defendants, all of which were granted. *Id.*; Dkt. 85; Dkt. 88.

This Court agrees that an award of reasonable attorney fees and costs is an appropriate sanction for Plaintiff's failure to comply with legitimate discovery requests. Plaintiff has shown a pattern of failure to respond on time or adequately. Currently pending before the Court are several motions relating to discovery, including a second Motion to Compel Responses to Interrogatories (Dkt. 95) and a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (Dkt. 101) for Plaintiff's alleged failure to comply with this Court's previous order to provide all information required under Rule 26(a)(1) (Dkt. 85).

Further, Plaintiff has not responded to this Court's request to provide substantial justification for his failure to answer or object to interrogatories and to produce documents. Dkt. 88. "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local CR 7(b)(2). Therefore, given the totality of circumstances and Plaintiff's failure to object, an award of monetary sanctions should be granted.

Health District Defendants have requested $1,170.00 in attorney's fees. Dkt. 90, at 3. Health District Defendants claim to have billed 5.5 hours of time "in communication with Plaintiff in attempting to generate discovery responses, filing the motion to compel, and briefing the entitlement to an award of attorney fees." *Id.* They also ask for an award to compensate one hour of addition time they anticipated needing to respond to Plaintiff's response. This opinion will now examine the *Kerr* factors to determine if this request is reasonable.

*Time and labor:* Defendants are represented by Scott M. Ellerby of Mills Meyers and Swartling. Dkt. 91. Support staff from the firm have not worked on the motion. *Id.* The attorney expended 5.5 hours in talking with Plaintiff, preparing and filing the Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production (Dkt. 81), and preparing and filing the Memorandum in Support of Award of Attorney's Fees (Dkt. 90) and the supporting declaration (Dkt. 91). *Id.* The attorney billed his clients at a rate of $180.00 an hour, which is discounted from his standard hourly rate of $310.00. *Id.* The attorney applied his reduced rate to the amount of time spent on the motion so far, and arrived at a lodestar amount of $990.00. *Id.* The attorney also added one hour at his reduced rate in anticipation of preparing a reply to Plaintiff's response, totaling $1,170.00. *Id.*

*Novelty of the case and requisite skill:* The motion for which Health District Defendants move for an award of attorney's fees is not novel. The Motion to Compel included six pages and was supported by a three page declaration and exhibits. Dkts. 81 and 82. It was not opposed. The Memorandum in Support of Award of Attorney Fees (Dkt. 90) consisted of four pages (including certificate of service) and was supported by a two page declaration. Dkt. 90 and 91. The Plaintiff submitted no reply. Moderate skill was involved in drafting the motion to compel and in attempting to contact Mr. Bonneville to urge him to respond to the interrogatories and requests for production.

*Preclusion of employment elsewhere, fixed or contingent fee, time limitations, and length of relationship*: Although counsel was unable to work on other cases while he was working on these motions, there is no showing that this would present a significant hardship. This factor has little impact in determination of the reasonable fee. There is no evidence in the record regarding the nature of the fee—fixed or contingent. Counsel has not attested to whether time limitations were imposed on him, nor has he attested to the length and nature of his relationship with his client.

*Customary fee:* The attorney has substantial experience and expertise in civil litigation. Dkt. 91. He attested that his customary fees for this type of case are commensurate with peer Seattle attorneys. *Id.* Therefore, his discounted rate is below the customary rate for peer Seattle attorneys. The Court has no reason to discredit his assertions.

*Amount involved, obtained, and similar awards:* The number of hours spent on the two motions and in attempting to communicate with the Plaintiff is reasonable. These motions were simple and together required only 5.5 hours of the attorney's time. Defendants' motions were granted. There is no evidence in the record regarding awards in similar cases.

*Experience, reputation*: The attorney in this case is experienced and knowledgeable in the area of civil litigation. He attested that he has maintained an active civil litigation practice in Seattle for twenty years. *Id.*

*Undesirability of Case*: This case is neither desirable nor undesirable.

Health District Defendants' request for a total of $1,170.00 in attorneys fees for these two simple motions is excessive for one reason: Plaintiff never opposed Health District Defendants' motion, and therefore counsel did not spend an additional one hour beyond the initial 5.5 hours on this particular matter. The Court should award a total of $990.00 in attorney fees, which is equal to the sum of $180.00 per hour multiplied by 5.5 hours. Plaintiff should pay the attorney fees to the Health District Defendants within four weeks of the date of this Order.

**B.     COSTS**

Health District Defendants have not identified any taxable costs they may be entitled to under Fed. R. Civ. P. 54(d)(1). Health District Defendants should submit their cost bills to the clerk of the Court.

### III. ORDER

Therefore, it is hereby,

(1) **ORDERED** that the Health District Defendants' Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production (Dkts. 81, at 6) and Health Defendants' Memorandum in Support of Award of Attorney Fees (Dkt. 90) are **GRANTED IN PART**.

(2) Health District Defendants are awarded $990.00. Plaintiff is **ORDERED** to pay Health District Defendants' award of attorney fees. If Plaintiff fails to timely comply with this Order, the Court may award further sanctions, which may include dismissal of the case. *See* Local Rule GR 3(d); Fed. R. Civ. P. 37(b).

(3) The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of March, 2007.

Robert J. Bryan
United States District Judge