1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
8                                    AT TACOMA
9
10   ROBERT BONNEVILLE, a/k/a WILL
     ELLWANGER,                                    Case No. C06-5228RJB
11
                        Plaintiff,                 ORDER
12
13            v.
14   KITSAP COUNTY, a Municipal Corporation,
     KITSAP COUNTY HEALTH DISTRICT,
15   STEPHEN MOUNT, TIMOTHY QUAYLE,
     THOMAS WIGGINS, and MICHAEL
16   BARTH,
17                      Defendants.
18
19                            I.    **FACTS**
20        This matter comes before the Court on Defendants Kitsap County, Stephen Mount and Michael
21   Barth's Motion to Compel Responses to Interrogatories.  Dkt. 96.  The Court has considered the
22   documents filed in support of the motion and the file herein.
23        On December 18, 2006, Defendants Kitsap County, Stephen Mount and Michael Barth ("Kitsap
24   County Defendants") propounded to Plaintiff their First Interrogatories and Requests for Production.  Dkt.
25   97, at 1.  On January 29, 2007, Plaintiff emailed his responses and served the Kitsap County Defendants
26   with a hard copy of his responses on February 9, 2007.  *Id.*  On February 7, 2007, Kitsap County
27   Defendants left a voicemail and email for the Plaintiff indicating that they felt that his responses were
28   inadequate and requested a discovery conference.  *Id.*  Parties conferred, and agreed that Plaintiff could

1  supplement his responses by February 28, 2007.  *Id.*  On February 28, 2007, parties agreed to an extension

2  of time until March 1, 2007.  *Id.*  Plaintiff has failed to supplement his responses.

3       Kitsap County Defendants now file this Motion to Compel Responses to Interrogatories and

4  request attorneys fees incurred in bringing the motion.  Dkt. 96.

5                                **II.   <u>DISCUSSION</u>**

6        Federal Rule of Civil Procedure 33(b)(1) provides that "[e]ach interrogatory shall be answered

7  separately and fully in writing under oath, unless it is objected to. . . " Kitsap County Defendants point out,

8  and the record indicates, that Plaintiff failed to answer Request for Production No. 1 (regarding Plaintiff's

9  tax information), Interrogatory No. 6 (regarding other litigation in which Plaintiff was involved),

10  Interrogatory No. 11 (identification of damages), and Interrogatory No. 12 (description of property, nature

11  of interest in the property, costs of improvements on the property, and dollar amount of damages).

12  Plaintiff failed to fully answer Interrogatories No. 8 and 9 (regarding contact information for all witnesses),

13  Interrogatory No. 15 and Request for Production No. 7 (regarding provision of legal services).  If a party

14  fails "to serve answers or objections to interrogatories submitted under Rule 33 after proper service of the

15  interrogatories . . . [the court] may make such orders in regard to the failure as are just."  Fed. R. Civ. P.

16  37(d).  It is a common principle that the rules of discovery are to be broadly and liberally construed to

17  facilitate identifying the issues, promote justice, provide a more efficient and speedy disposition of the case,

18  avoid surprise, and prevent the trial of a lawsuit from becoming a guessing game.  *See Hickman v. Taylor*,

19  329 U.S. 495 (1947).  Kitsap County Defendants are entitled under the Federal Rules to receive full

20  answers or objections to their interrogatories and requests for production, so long as they properly served

21  the Plaintiff and conferred with him in good faith.  Fed. R. Civ. P. 37(d).  Kitsap County Defendants have

22  done so.  Dkt. 97.  Therefore, the Defendants' Motion to Compel Responses to Interrogatories should be

23  granted, and Plaintiff should fully respond to Kitsap County Defendants' Interrogatories and Requests for

24  Production no later than three (3) days of the date of this Order.  Failure to comply with this Order may

25  result in sanctions, including dismissal of the action.  Fed. R. Civ. P. 37(b).

26       Under Federal Rule of Civil Procedure 37(a)(4), if a motion compelling discovery is granted, the

27  Court "shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated

28  the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including

attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Nothing in the record shows that Plaintiff's failure was substantially justified or that an award of costs will be unjust. Accordingly, Kitsap County Defendants and Plaintiff should brief this Court as to whether an award of costs and fees would be unjust and whether the failure to respond was substantially justified. Further, the Kitsap County Defendants should brief this Court as to reasonable expenses caused by Plaintiff's failure to respond. Briefs should be submitted no later than April 6, 2007, responses no later than April 9, 2007, and replies no later than April 12, 2007.

Therefore, it is hereby

**ORDERED**

(1)     Defendants Kitsap County, Stephen Mount and Michael Barth's Motion to Compel Responses to Interrogatories (Dkt. 96) is **GRANTED**;

(2)     Briefs regarding reasonable expenses incurred in making this motion, if any, should be submitted no later than April 6, 2007, responses, if any, no later than April 9, 2007, and replies, if any, no later than April 12, 2007. Consideration of an award of attorneys fees and costs, if any, shall be **NOTED** for April 13, 2007.

(3)     The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 26th day of March, 2007.

Robert J. Bryan
United States District Judge