UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT BONNEVILLE, a/k/a WILL ELLWANGER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KITSAP COUNTY, a Municipal Corporation, KITSAP COUNTY HEALTH DISTRICT, STEPHEN MOUNT, TIMOTHY QUAYLE, THOMAS WIGGINS, and MICHAEL BARTH,<br><br>　　　　　　　Defendants. | Case No. C06-5228RJB<br><br>ORDER |

This matter comes before the Court on Kitsap County Health District, Thomas Wiggins, and Timothy Quayle's ("Health District Defendants") Motion for Sanctions Pursuant to Rule 37(b) (Dkt. 92), Kitsap County, Stephen Mount, and Michael Barth's ("Kitsap County Defendants") Amended Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (Dkt. 101), Kitsap County Defendants' Motion to Extend Deadline for Filing Dispositive Motions (Dkt. 104), and Kitsap County Health District Defendants' Notice of Joinder in Motion to Extend Deadline for Filing Dispositive Motions (Dkt. 106). The Court has considered the documents filed regarding these motions and the file herein.

**I.      FACTS**

This matter concerns real property, located in Kitsap County, Washington, which is owned by Plaintiff. Dkt. 47. The case was originally filed on April 3, 2006. Dkt. 1-2, at 5. According to the

ORDER
Page - 1

Defendants, the motions presently before the Court are a result of Plaintiff's continuing failure to comply with discovery requests and with this Court's orders compelling Plaintiff to comply with discovery requests. Dkts. 92 and 101. The following is a procedural history of the Defendants' discovery requests, motions to compel Plaintiff to comply with discovery requests, and with this Court's orders.

### A. MOTIONS TO COMPEL RULE 26(a)(1) DISCLOSURES

This Court's initial Minute Order, dated April 26, 2006, required that the parties make Federal Rule of Civil Procedure 26(a)(1) disclosures by July 18, 2006. Dkt. 3. The Joint Status Report, filed by the parties on July 25, 2006, required that the parties make Rule 26(a) disclosures by July 25, 2006. Dkt. 36, at 2. Plaintiff submitted Rule 26(a)(1) disclosures on August 4, 2006. Dkt. 40. Plaintiff listed ten potential witnesses, including himself, but did not list any addresses or phone numbers, stating, "Plaintiff is unsure of the above witnesses' addresses or phone numbers but will supplement this disclosure." Dkt. 40. Plaintiff also failed to submit to a computation of damages or make available documents for inspection on which such a computation might be based. Dkt. 40.

On December 18, 2006, Defendants sent Plaintiff a further Request for Rule 26(a)(1) disclosures, requesting that Plaintiff provide the disclosures by December 27, 2006. Dkt. 64, at 2. On December 26, 2006, Plaintiff and Mr. Bacus, counsel for the Kitsap County Defendants, spoke regarding the discovery request. Dkt. 64, at 2. On January 3, 2006, Kitsap County Defendants filed a Motion to Compel Rule 26 (a)(1) Disclosures. Dkt. 63. The motion was joined by the Kitsap County Health Department Defendants. Dkt. 64.

On February 8, 2007, this Court granted Defendants' motions to compel and ordered Plaintiff to advise opposing counsel of all information required under Rule 26(a)(1) on or before February 28, 2007. Dkt. 85. Plaintiff was informed that failure to comply with the Order could result in sanctions, including dismissal of the case pursuant to Rule 37. *Id.*

### B. MOTIONS TO COMPEL RULE 34 INSPECTIONS

On January 11, 2007, the Kitsap County Defendants and the Kitsap County Health Department Defendants filed Motions to Compel Entry onto Land Pursuant to Fed. R. Civ. P. 34. Dkts. 70 and 72. The record indicates that on December 13, 2006, Defendant Kitsap County propounded to Plaintiff a Request for Entry Upon Land, requesting entry upon all three properties at issue in this action. Dkt. 73, at

2. On December 20, 2006, the Kitsap County Health District Defendants propounded Requests for Entry Upon Land to Plaintiff requesting entrance upon the Sunnyhill Road property and the Illahee Road property for the purpose of inspecting, measuring, photographing, and videotaping. Dkt. 73, at 1. On December 22, 2006, Defendant Kitsap County issued an Amended Request for Entry Upon Land designating January 10 and 11, 2007, as the inspection dates. Dkt. 73, at 2.

On January 7, 2007, Plaintiff e-mailed counsel for all Defendants, rejecting the Requests for Entry Upon Land. Dkt. 73, at 2. Plaintiff asserted that he had no obligation to allow Rule 34 inspections. Dkt. 73, at 13-15. Plaintiff and Defendants conducted a Rule 37 telephonic conference on January 8, 2007. Dkt. 73, at 2.

On February 8, 2007, this Court ordered Plaintiff to permit Defendants entry onto the subject properties. Dkt. 85. Plaintiff was warned that failure to follow the Court's order regarding discovery could result in sanctions, including dismissal of the case. *Id*.

### C. MOTIONS TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

The record indicates that on December 22, 2006, the Health District Defendants propounded to Plaintiff their First Interrogatories and Requests for Production. Dkt. 82-1, at 1-2. On January 22, 2007, counsel for the Health District Defendants e-mailed Plaintiff asking for his responses. Dkt. 82-1, at 2. Plaintiff returned the e-mail the following day, explaining that he "believe[d] that [he would] be able to compile the Discovery Requests and deliver them to [counsel] within the week." Dkt. 82-2, at 21. Counsel for Health District Defendants and Plaintiff held a telephonic conference on January 23, 2007, during which Plaintiff reiterated his commitment to provide the discovery responses by Friday, January 26, 2007. Dkt. 82-1, at 2. On January 30, 2007, the Health District Defendants filed a Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production. Dkt. 81. Plaintiff did not respond to the Health District Defendants' motion. On February 20, 2007, this Court granted the motion and ordered Plaintiff to respond to the Health District Defendants' Interrogatories and Requests for Production. Dkt. 88. As of that date, the record showed that Plaintiff had not submitted responses. Dkts. 82-1 and 82-2. The Health District Defendants were awarded the costs of the motion. Dkt. 88. Plaintiff was warned that failure to comply with the Court's order could result in sanctions, including dismissal of the case pursuant to Fed. R. Civ. P. 37. *Id*.

On March 6, 2007, the Kitsap County Defendants filed a Motion to Compel Plaintiff's Responses to Interrogatories. Dkt. 96. The record indicates that on December 18, 2006, the Kitsap County Defendants propounded to Plaintiff their First Interrogatories and Requests for Production. Dkt. 97, at 1. On January 29, 2007, Plaintiff emailed his responses and served the Kitsap County Defendants with a hard copy of his responses on February 9, 2007. *Id*. On February 7, 2007, Kitsap County Defendants left a voicemail and email for the Plaintiff indicating that they felt that his responses were inadequate and requested a discovery conference. *Id*. Parties conferred, and agreed that Plaintiff could supplement his responses by February 28, 2007. *Id*. On February 28, 2007, parties agreed to an extension of time until March 1, 2007. *Id*. As of March 26, 2007 the record indicated that Plaintiff failed to supplement his responses. Plaintiff did not respond to the Kitsap County Defendants' motion to compel Plaintiff's responses to interrogatories.

On March 26, 2007, the Court granted this (the sixth) motion to compel Plaintiff to comply with discovery requests. Dkt. 109. The record indicated that Plaintiff failed to answer Kitsap County Defendant's Request for Production No. 1 (regarding Plaintiff's tax information), Interrogatory No. 6 (regarding other litigation in which Plaintiff was involved), Interrogatory No. 11 (identification of damages), and Interrogatory No. 12 (description of property, nature of interest in the property, costs of improvements on the property, and dollar amount of damages). Dkt. 97. Plaintiff failed to fully answer Interrogatories No. 8 and 9 (regarding contact information for all witnesses), Interrogatory No. 15 and Request for Production No. 7 (regarding provision of legal services). *Id.* The Court granted the Kitsap County Defendants' motion for costs and again warned Plaintiff that failure to comply with the Order could result in sanctions including dismissal of the case pursuant to Fed. R. Civ. P. 37. Dkt. 109.

### D. PENDING MOTIONS TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY REQUESTS AND ORDERS TO COMPEL

The Health District Defendants filed their Motion for Sanctions on March 6, 2007, requesting dismissal of this matter. Dkt. 92. The Health District Defendants state that Plaintiff has still not provided any of the Rule 26(a)(1) disclosures that this Court ordered. Dkt. 93. The Health District Defendants note that although Plaintiff provided some responses to their First set of Interrogatories and Requests for Production as ordered by this Court, the responses were incomplete or non-responsive. *Id*.

The Kitsap County Defendants filed their Motion for Sanctions on March 7, 2007, requesting

1  dismissal of this matter. Dkt. 101. The Kitsap County Defendants state that Plaintiff has failed to comply
2  with this Court's order compelling him to complete his Rule 26(a)(1) disclosures. Dkt. 95.

3        On March 20, 2007, the Defendants' motions for dismissal of this matter as a sanction for failure to
4  comply with discovery were renoted for consideration on March 30, 2007 in order to give Plaintiff an
5  opportunity to respond. Dkt. 107. A briefing schedule was created. *Id*. As of April 3, 2007, Plaintiff has
6  not responded to either motion.

## II. DISCUSSION

### A. MOTIONS FOR SANCTIONS

Fed. R. Civ. P. 37(b)(2)(C) provides,

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which
> the action is pending may make such orders in regard to the failure as are just, and among
> others the following: [a]n order striking out pleadings or parts thereof, or staying further
> proceedings until the order is obeyed, or dismissing the action or proceeding or any part
> thereof, or rendering a judgment by default against the disobedient party . . . .

The Ninth Circuit has a five-part test (with three subparts to the fifth part) to determine whether a case-dispositive sanction under Rule 37(b)(2) is just. *Connecticut General Life Insurance Co. v. New Images of Beverly Hills,* 2007 WL 942394 (9th Cir. March 30, 2007); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). The test is:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage
> its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy
> favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.
> The sub-parts of the fifth factor are whether the court has considered lesser sanctions,
> whether it tried them, and whether it warned the recalcitrant party about the possibility of
> case-dispositive sanctions.

*Id.* (*internal quotations omitted*).

      1.    *Public's Interest in Expeditious Resolution of Litigation*

Plaintiff's failure to comply with Defendants various discovery requests and this Court's orders regarding discovery have impeded resolution of this matter. Plaintiff, proceeding pro se, filed a very detailed amended complaint. Dkt. 47. However, he has failed to provide Defendants with basic information, such as the full names, contact information, and nature of testimony of the witnesses. "These responses and others amounted to avoidance, not compliance, with discovery obligations." *Connecticut General Life Insurance Co.,* at 2. Plaintiff's 26(a)(1) disclosures were inadequate and despite being ordered several times to supplement them, he has continued to ignore the Court's order. Plaintiff has failed

ORDER
Page - 5

to fully answer Defendants Interrogatories and Requests for Production. Defendants point out that they do not feel that they are able to file dispositive motions based on Plaintiff's failure to provide adequate discovery, and are consequently being forced to try this case. Dkt. 104. Plaintiff's dilatory conduct has prevented expeditious resolution of this case.

### 2. *Court's Need to Manage Its Dockets*

Plaintiff's failure to comply with discovery requests, and his late and inadequate responses has impacted management of the docket. Defendants have been granted motions to extend the discovery deadline, motions to extend the dispositive motion deadline, and motions for other deadline extensions due to Plaintiff's failure to cooperate. Dkts. 85, and 88. Defendants have two more motions pending to extend deadlines in this case, yet again. Dkts. 104, and 106. The trial date, May 21, 2007, is fast approaching. Dkt. 41. Plaintiff's behavior has affected the management of the docket.

### 3. *Risk of Prejudice to the Party Seeking Sanctions*

As to the third factor, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, at 131. Here, the risk of prejudice to the Defendants in this matter is great. Without the critical information regarding witnesses, alleged damages, or even complete property descriptions, Defendants point out that they will not only be unable to file dispositive motions, but will be unable to fully prepare to try the case. Moreover, Plaintiff's behavior threatens to interfere with the proper decision of the case. At this stage, after repeated warnings to Plaintiff, this Court can not be "confident that the parties will ever have access to the true facts," particularly in light of the fact that trial is a little over a month away. *Connecticut General Life Insurance Co.,* at 2.

Additionally, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, at 131. Plaintiff has failed to respond to this motion or many of the six prior motions to compel discovery. Plaintiff's silence highlights his failure to fully participate in an action he instigated. This factor supports the sanction of dismissal.

### 4. *Public Policy Favoring Disposition of Cases on their Merits*

The Plaintiff's conduct in this matter interferes with the public policy of disposing of cases on their

merits. Reaching the merits the case is difficult when the Defendants have not been provided the discovery that they need to address Plaintiff's claims. Plaintiff's conduct justifies dismissal of this matter.

5. *Availability of Less Drastic Sanctions*

In considering the final factor in determining whether a case-dispositive sanction under Rule 37 is just, the Court should also discuss whether it has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *Malone*, at 132. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees. . . ." *Id.*, at n.1 (*internal quotations omitted*). This Court has considered and tried lesser sanctions. Plaintiff has been warned several times that failure to comply with the various orders granting the motions to compel may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37(b). Dkts. 85, 88, 109. The Defendants have been awarded reasonable costs for the fifth and sixth motions to compel discovery as sanctions for Plaintiff's failure to comply with discovery requests and this Court's orders. Dkts. 88, and 109. In light of Plaintiff's failure to respond to the Court's prior orders, and to these pending motions, this matter should be dismissed with prejudice. No further sanction, such as an award of attorneys fees, is warranted.

**B.     MOTIONS TO EXTEND DEADLINE FOR FILING DISPOSITIVE MOTIONS**

In light of the above, the Defendants' Motions to Extend Deadlines (Dkts. 104 and 106) should be denied as moot.

## III.   ORDER

Therefore, it is hereby **ORDERED** that:

(1)     Kitsap County Health District, Thomas Wiggins, and Timothy Quayle's Motion for Sanctions Pursuant to Rule 37(b) (Dkt. 92) and Kitsap County, Stephen Mount, and Michael Barth's Amended Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (Dkt. 101) are **GRANTED**; this matter is **DISMISSED WITH PREJUDICE**;

(2) Kitsap County, Stephen Mount, and Michael Barth's Motion to Extend Deadline for Filing Dispositive Motions (Dkt. 104) and Kitsap County Health District, Thomas Wiggins, and Timothy Quayle's Notice of Joinder in Motion to Extend Deadline for Filing Dispositive Motions (Dkt. 106) are **DENIED AS MOOT**; and

(3) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of April, 2007.

Robert J. Bryan
United States District Judge