1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12

ROBERT BONNEVILLE a/k/a WILL
ELLWANGER,

13                                    Plaintiff,

14                          v.

15    KITSAP COUNTY, a municipal corporation,
      KITSAP COUNTY HEALTH DISTRICT,
16    STEPHEN MOUNT, TIMOTHY QUAYLE,
      THOMAS WIGGINS, and MICHAEL
17    BARTH,

                                    Defendants.
18

Case No.  C06-5228RJB


ORDER GRANTING
ATTORNEY FEES

19        This matter comes before the Court on the Court's Order (Dkt. 109) regarding Defendants Kitsap

20    County, Stephen Mounts, and Michael Barth's Memorandum in Support of an Award of Attorneys Fees

21    (Dkt. 110).  The Court has reviewed all documents filed regarding this motion, has reviewed the entire file,

22    and is fully advised.

23                          I.    BACKGROUND AND PROCEDURAL HISTORY

24        On March 6, 2007, Defendants Kitsap County, Stephen Mount, and Michael Barth ("Kitsap County

25    Defendants") filed a Motion to Compel Responses to Interrogatories.  Dkt. 96.  As part of that motion,

26    Kitsap County Defendants requested that the costs of the motion be assessed against the Plaintiff.  *Id.*

27        On March 26, 2007, this Court granted Kitsap County Defendants' motion compelling Plaintiff to

28    respond to their interrogatories.  Dkt. 109.  This Court asked Kitsap County Defendants and Plaintiff to

ORDER
Page - 1

brief the Court as to whether an award of costs and fees would be proper under the Federal Rules of Civil Procedure.  *Id.*  To support an award of fees and costs, Kitsap County Defendants submitted Memorandum in Support of an Award of Attorneys Fees (Dkt. 110) and Declaration of Phillip A. Bacus in Support of Kitsap County Defendants Memorandum in Support of Award of Attorneys Fees (Dkt. 111).  On April 5, 2007, this Court granted several pending motions for sanctions and dismissed the case with prejudice.  (Dkt. 112).  Plaintiff has not submitted a response of any kind.

## II.   DISCUSSION

### A.   ATTORNEY'S FEES

#### 1.   Award of Attorney's Fees Standard

The Court may award claims for attorney's fees.  Fed. R. Civ. P. 54(d)(2).  In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount" by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Jordan v. Multnomah County,* 799 F.2d 1262, 1265 (9th Cir. 1986) (*quoting Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).  Once the number of reasonable hours is determined, the district court must set a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees.

In reviewing a claim for attorney's fees, the court should consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976).  These considerations are consistent with Washington Rules of Professional Conduct 1.5.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  *Gates v. Gomez,* 60 F.3d 525, 534-5 (9th Cir. 1995).  The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts

1  asserted by the prevailing party in its submitted affidavits.  *Id.*

2                2.  <u>Kitsap County Defendants' Request for Attorney's Fees</u>

3        Under Fed. R. Civ. P. 37(d), if a party fails to serve answers or objections to interrogatories, the

4  "court shall require the party failing to act" to "pay the reasonable expenses, including attorneys' fees,

5  caused by the failure unless the court finds that the failure was substantially justified or that other

6  circumstances make an award of expenses unjust."  An award of reasonable expenses, including attorney's

7  fees, is not available unless the expenses are caused by the failure to comply.  *See Toth v. Trans World*

8  *Airlines, Inc.*, 862 F.2d 1381, 1385-86 (9th Cir. 1988).  Once fees are found to be caused by

9  noncompliance, the burden of showing substantial justification or special circumstances for the failure to

10  comply is on the party against whom an award is sought.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171

11  (9th Cir. 1994).  Substantial justification has been defined to mean that the discovery request was the

12  subject of a "genuine dispute" or that "reasonable people could differ" as to the appropriateness of the

13  requested discovery.  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted).

14        Kitsap County Defendants argue that Plaintiff's failure to timely respond was not substantially

15  justified because at "no time has Plaintiff offered any excuses, legitimate or otherwise, for his failure to

16  respond" and "Plaintiff has demonstrated a pattern of intentional resistence."  Dkt. 110.  This Court agrees.

17  Plaintiff has offered no excuses, and an award of reasonable attorney's fees and costs is an appropriate

18  sanction for Plaintiff's failure to comply with legitimate discovery requests.  Plaintiff has shown a pattern

19  of failure to respond to discovery requests adequately or on time.  See Dkts. 85, 88, 108, 109.  Plaintiff's

20  noncompliance with regard to the rules of discovery is so pervasive that the Court dismissed Plaintiff's

21  complaint.  Dkt. 112.  Further, Plaintiff has not responded to this Court's request to provide substantial

22  justification for his failure to answer or object to interrogatories and to produce documents.  Dkt. 109.  "If

23  a party fails to file papers in opposition to a motion, such failure may be considered by the court as an

24  admission that the motion has merit."  Local CR 7(b)(2).  Therefore, given the totality of circumstances

25  and Plaintiff's failure to object, an award of monetary sanctions should be granted.

26        Kitsap County Defendants have requested $473.00 in attorney's fees.  Dkt. 111.  Kitsap County

27  Defendants claim to have billed 2.7  hours of time communicating with Plaintiff in order to elicit his

28  responses to their interrogatories and requests for production, preparing the motion to compel, and

1    preparing this brief.  *Id.*   This opinion will now examine the *Kerr* factors to determine if this request is

2    reasonable.

3            *Time and labor:* Kitsap County Defendants are represented by Philip A. Bacus of Kitsap County

4    Prosecutor's Office.  Dkt. 111.  Support staff  have not worked on the motion.  *Id.*  The attorney expended

5    2.7 hours in talking with Plaintiff, preparing and filing the Motion to Compel Plaintiff's Responses to

6    Interrogatories (Dkt. 96), and preparing and filing the Memorandum in Support of an Award of Attorneys

7    Fees (Dkt. 110) and the supporting declaration (Dkt. 111).  *Id.*  The attorney did not include an amount

8    billed per hour because the Prosecutor's Office does not directly bill the County.  *Id.*  The attorney took

9    his hourly rate from the "rates that the Prosecutor's Office charges for its contracted representation of the

10   Kitsap County Health District."  *Id.*  At $473.00 total for 2.7 hours of work, that equals about $175.18

11   per hour.

12          *Novelty of the case and requisite skill:* The motion for which Kitsap County Defendants move for

13   an award of attorney's fees is not novel.  The Motion to Compel included five pages and was supported by

14   a three page declaration and exhibits.  Dkts. 96 and 97.  It was not opposed.  The Memorandum in

15   Support of an Award of Attorneys Fees consisted of two pages and was supported by a two page

16   declaration.  Dkts. 110 and 111.  The Plaintiff submitted no reply.  Moderate skill was involved in drafting

17   the motion to compel and in attempting to contact Plaintiff to urge him to respond to the interrogatories

18   and requests for production.

19          *Preclusion of employment elsewhere, fixed or contingent fee, time limitations, and length of*

20   *relationship*: Although counsel was unable to work on other cases while he was working on these motions,

21   there is no showing that this would present a significant hardship.  This factor has little impact in

22   determination of the reasonable fee.  There is no evidence in the record regarding the nature of the

23   fee—fixed or contingent.  Counsel has not attested to whether time limitations were imposed on him, nor

24   has he attested to the length and nature of his relationship with his client.

25          *Customary fee:* Because he is a prosecutor, the attorney has no customary fee.  Dkt. 111.  He

26   attested that his calculated fee is based on the hourly rate the Prosecutor's Office charges for its contracted

27   representation of the Kitsap County Health District.  *Id.*  The attorney has attested that this standard

28   hourly rate is commensurate with Kitsap County attorneys.  *Id.*

*Amount involved, obtained, and similar awards:* The number of hours spent on the motion and in attempting to communicate with the Plaintiff is reasonable. The motion was simple and required only 2.7 hours of the attorney's time. Defendants' motions were granted. There is no evidence in the record regarding awards in similar cases.

*Experience, reputation*: The attorney in this case is experienced and knowledgeable in the area of civil litigation. He attested that he has practiced in the civil division of the Kitsap County Prosecutor's Office for over five years. *Id.*

*Undesirability of Case*: This case is neither desirable nor undesirable.

Kitsap County Defendants' request for a total of $473.00 in attorney's fees for the motion to compel is reasonable under the *Kerr* factors. The Court should award a total of $473.00 in attorney fees. Plaintiff should pay the attorney fees to the Kitsap County Defendants within fourteen days of the date of this Order.

**B.      COSTS**

Kitsap County Defendants have not identified any taxable costs they may be entitled to under Fed. R. Civ. P. 54(d)(1). Kitsap County Defendants should submit their cost bills to the clerk of the Court.

## III. <u>ORDER</u>

Therefore, it is hereby **ORDERED**:

(1)     Kitsap County Defendants' Memorandum in Support of an Award of Attorneys Fees (Dkt. 110) is **GRANTED**;

(2)     Kitsap County Defendants are awarded $473.00. Plaintiff shall **PAY** Kitsap County Defendants' award of attorney fees;

(3)     The Clerk of the Court is directed to enter judgment in the amount of $473.00 on behalf of Defendants Kitsap County, Stephen Mount, and Michael Barth;

(3)     The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 16th day of April, 2007.

Robert J. Bryan
United States District Judge